UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRIAN RINGHAM, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 1:10-cv-0165-JMS-TAB |
| | ) | |
| ROCKETS, INC., d/b/a ROCKETS BAR & GRILL, | ) | |
|     *Defendant.* | ) | |

## ORDER

On August 4, 2010, after the time for answering Plaintiff's Complaint had expired with no answer from Defendant, the Court Clerk made an entry of default. [Dkt. 13.] The Court then conducted a hearing on damages on August 30, 2010, at which Plaintiff testified and Plaintiff's counsel presented argument.[1] Previously, Plaintiff tendered an affidavit detailing his requested attorney's fees. [Dkt. 10-2.]

The sole basis of Plaintiff's claim for punitive damages at the hearing was the length of time the statute in question had been in effect. Plaintiff argued that because the statute had been in force for several years, Defendant must have known about it but nonetheless chose to disobey it.

The statute, enacted in December 2003, actually provided for different effective dates depending on when the particular credit card processing equipment had been put into service:

> (3) Effective date. This subsection shall become effective--
>
> > (A) 3 years after the date of enactment of this subsection, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and

---

[1] The Court reporter at the hearing was Jean Knepley.

- 1 -

> (B) 1 year after the date of enactment of this subsection, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005.

15 U.S.C. 1681c(g)(3).

Plaintiff has failed to provide the Court with any evidence from which to discern the date the machine in question was first put into use.[2]  Absent evidence demonstrating that Defendant was subject to the requirement to the one-year deadline for compliance, the Court finds the $5,000 in punitive damages sought by Plaintiff is excessive, particularly given Plaintiff's testimony that he sustained only $50 to $60 in out-of-pocket expenses.  That said, Plaintiff did plead willfulness, and that allegation is deemed admitted, by Defendant's default.

| Based on the evidence in the record, the Court finds for the Plaintiff as follows: | |
|---|---|
| Actual Damages ($60 in out-of-pocket expenses plus $440 in emotional distress): | $500.00 |
| Punitive Damages: | $500.00 |
| Court Costs: | $350.00 |
| Attorney Fees: | $3,318.75 |
| **TOTAL JUDGMENT:** | **$4,668.75** |

Plaintiff's Motion for Default Judgment is thus **GRANTED IN PART** and **DENIED IN PART**.  Final judgment will immediately issue accordingly.

08/31/2010

                                            Hon. Jane Magnus-Stinson, Judge
                                            United States District Court
                                            Southern District of Indiana

---

[2] The Court notes that Plaintiff chose not to subpoena any of Defendants' employees to testify at the hearing.

**Copy by US Mail:**

Rockets, Inc. d/b/a Rockets Bar & Grill
c/o Kathleen M. Roark, Registered Agent
7041 E 10th Street
Indianapolis, IN 46219


**Distribution by ECF:**

C. Warren Nerz
cwnerz@nerzwalterman.com

Joseph Brian Walterman
NERZ WALTERMAN, P.C.
jbwalterman@nerzwalterman.com